# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARSHALL BRABO,

        Petitioner,        Case Number: 2:17-CV-11122
                                           HON. GERSHWIN A. DRAIN

v.

SHERMAN CAMPBELL,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSING CASE

I.    Introduction

On April 10, 2017, Michigan state prisoner Marshall Brabo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting he was being held in violation of his constitutional rights. Dkt. No. 1. Petitioner was convicted in the Kent County Circuit Court of assault with intent to commit murder, MICH. COMP. LAWS § 750.83. At the same time he filed his petition, Petitioner filed a motion to stay these proceedings so that he could raise unexhausted claims in state court. Dkt. No. 4. The Court grants Petitioner's motion for a stay and closes the case for administrative purposes.

II.    Procedural History

Petitioner was convicted by a jury in Kent County Circuit Court. On December 19, 2013, he was sentenced to 24 to 36 years' imprisonment. Petitioner filed an appeal of right with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Brabo,* No. 320135, 2015 WL 3604597 (Mich. Ct. App. Aug. 22, 2013) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Brabo*, 499 Mich. 914 (Mich. May 2, 2016).

On August 29, 2016, Petitioner filed a motion to vacate void judgment in the trial court. The trial court denied the motion. *People v. Brabo*, No. 13-02255 (Kent County Cir. Ct. Oct. 3, 2016). Petitioner filed a motion for reconsideration, which the trial court also denied. *People v. Brabo,* No. 13-02255 (Kent County Cir. Ct. Dec. 5, 2016). It appears that Petitioner has not yet filed an application for leave to appeal the trial court's decision.

Petitioner filed his federal habeas petition and motion for stay on April 10, 2017. Dkt. No. 1; Dkt. No. 4.

III. Discussion

Petitioner seeks a stay in this matter while he exhausts his state court remedies for additional claims of ineffective assistance of counsel which he did not

present in state court on direct appeal.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not plainly meritless. *Rhines*, 544 U.S. at 278.

Here, the Court finds a stay is warranted. First, dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner's ineffective assistance of counsel claims satisfy the good cause requirement. Third, the state court's disposition of these claims may moot the claims raised in this petition. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

3

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within sixty days of the filing date of this Order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). The stay is further conditioned on Petitioner's return to this Court, by the filing of a motion to reopen and amend the petition, using the same caption and case number included at the top of this Order, within sixty days of fully exhausting his state court remedies or from the date of this Order, whichever occurs last. *See Palmer*, 276 F.3d at 781 (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with any of these conditions, the petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay).

IV. Conclusion

Accordingly, it is **ORDERED** that the habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that Petitioner's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE** (Dkt. No. 3).

Dated: October 29, 2018

                s/Gershwin A. Drain
                HON. GERSHWIN A. DRAIN
                United States District Court Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 29, 2018, by electronic and/or ordinary mail.

                s/Teresa McGovern
                Case Manager Generalist